IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE GOUGH,<br><br>             Plaintiff,<br><br>vs.<br><br>PACIFIC TELESIS GROUP COMPREHENSIVE DISABILITY BENEFITS PLAN, et al.,<br><br>             Defendants. | Case No. 2:05-cv-1172-RRB<br><br><br>**ORDER REGARDING MOTIONS AT DOCKETS 44 AND 54** |

Before the Court are Plaintiff Bernadette Gough ("Plaintiff") and Defendant Pacific Telesis Comprehensive Disability Benefits Plan ("Defendant" or "Plan") with cross motions for summary judgment or, alternatively, adjudication on the merits at Dockets 44 and 54, respectively.[1]

Plaintiff argues that her disability claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., was wrongfully denied and that she is

---

[1] The motions were submitted without appearance and without argument pursuant to Local Rule 78-230(h). Docket 72.

ORDER DENYING MOTION AT DOCKET 44 AND
   GRANTING MOTION AT DOCKET 54 - 1
2:05-CV-1172

entitled to both short-term and long-term disability benefits. Plaintiff urges the Court to employ a de novo standard of review because she asserts that her claim was denied by an entity that lacked discretionary authority.  Alternatively, Plaintiff urges the Court to allow limited discovery regarding potential conflicts of interest in the decisionmaking process related to her claim.

Defendant argues that Plaintiff's claim for short-term disability benefits should be dismissed because Defendant did not abuse its discretion in denying her claim.[2]  Defendant also argues that Plaintiff's claim for long-term disability benefits should also be dismissed because Plaintiff did not exhaust the Plan's mandatory 52 weeks of short-term benefits, did not submit a timely claim, and has no remedy available because the amount of her pension and social security benefits offset any amounts she might receive under the Plan.[3]

The Court has reviewed all relevant pleadings filed in this matter and concludes that the abuse of discretion standard is the appropriate standard of review.  Based on the evidence before the Court, Defendant did not abuse its discretion in denying Plaintiff's claims for disability benefits.

---

[2]   Docket 55 at 14-16.

[3]   Id. at 13-14.

The Plan unambiguously grants broad discretion to the Plan Administrator to determine eligibility for benefits.[4]  The Plan also permits the Plan Administrator to appoint others to carry out administrative functions,[5] including granting and denying short-term and long-term disability benefits.[6]  Accordingly, the Court reviews decisions regarding eligibility for benefits for abuse of discretion.[7]

There is no evidence that any exercise of discretion in the decision-making process below was tainted by a conflict of interest.[8]  Plaintiff's arguments in this regard are purely speculative.  Therefore, Plaintiff's request for additional discovery regarding potential conflicts of interest is denied.

The Court finds that the Defendant did not abuse its discretion in denying short-term disability benefits.  There is no evidence that Defendant failed to explain its decision, improperly construed provisions of the Plan, or relied on clearly erroneous

---

[4]   See Docket 46 at 19 ("DB PLAN 00020"), § 9.4.

[5]   See id. at 16 ("DB PLAN 00020"), § 8.1; Docket 67 at 32-33, ¶ 40.

[6]   Docket 47 at 1 ("BD PLAN 00123"), ¶ I.

[7]   See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963-64 (9th Cir. 2006).

[8]   See Docket 59 at 2, ¶ 6.

findings of fact.[9]  While Plaintiff's treating physician opined that Plaintiff was totally disabled, ERISA does not require Defendant to accord special deference to the opinion of Plaintiff's treating physician.[10]  Moreover, in view of contrary opinions, including review by three separate Plan medical advisors Board-certified in psychiatry, and an Independent Medical Exam, the Court finds that Defendant did not abuse its discretion in concluding that Plaintiff was not totally disabled, but rather capable of performing her job as a FACS Administrator.

Finally, the Court concludes, for the reasons stated by Defendant, that Defendant did not abuse its discretion in determining that Plaintiff was not eligible for long-term disability benefits.[11]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Notice of Motion and Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues at Docket 54 is **GRANTED.**

---

[9] See Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan, 410 F.3d 1173, 1178 (9th Cir. 2005).

[10] Black & Decker Disability Plan v. Nord, 538 U.S. 822, 831 (1989).

[11] See Docket 55 at 13-14.

      2.   Plaintiff's Notice of Motion and Motion for Summary Judgment or Adjudication at Docket 44 is **DENIED.**

      ENTERED this 17th day of December, 2007.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE